1

2

3

4

5

6                            UNITED STATES DISTRICT COURT
                            WESTERN DISTRICT OF WASHINGTON
                                      AT TACOMA

7

HARRY J. WHITMAN,

8                         Plaintiff,              CASE NO. C11-5457 BHS

9    v.                                           ORDER ADOPTING REPORT
                                                  AND RECOMMENDATION
10   WASHINGTON DEPARTMENT OF
     CORRECTIONS, et al.,

11

12                        Defendants.

13

14          This matter comes before the Court on the Report and Recommendation ("R&R")

15   of the Honorable Karen L. Strombom, United States Magistrate Judge (Dkt. 91) and

16   Plaintiff Harry Whitman's ("Whitman") objections to the R&R (Dkt. 95).

17          On March 20, 2013, Judge Strombom issued the R&R recommending that the

18   Court grant Defendants' motion for summary judgment on all of Whitman's claims.  Dkt.

19   91.  On April 11, 2013, Whitman filed objections to the R&R on his Eighth Amendment

     claim; his claim on the Religious Land Use and Institutionalized Persons Act
20
     ("RLUIPA"), 42 U.S.C. § 2000cc; and his First Amendment claim.  Dkt. 95.  Because
21

22

1  Whitman's objections on his First Amendment claim are based on his other objections,

2  the Court will only address the objections on the first two claims.

3      The district judge must determine de novo any part of the magistrate judge's

4  disposition that has been properly objected to. The district judge may accept, reject, or

5  modify the recommended disposition; receive further evidence; or return the matter to the

6  magistrate judge with instructions.  Fed. R. Civ. P. 72(b)(3).

7  **A.      Eighth Amendment**

8      In his amended complaint, Whitman alleged that the policies and procedures

9  implemented by Defendants during Ramadan 2010 resulted in nutritionally deficient

10  meals that caused him to suffer "notable weight loss, diminished health and pain that

11  required medical attention," and violated his Eighth Amendment right to be free of

12  unnecessary pain and punishment.  Dkt. 37, ¶ 7.8.  Judge Strombom recommended that

13  the Court grant Defendants' motion for summary judgment on this issue because

14  Whitman had failed to raise a genuine issue of material fact for trial.  Dkt. 91 at 21–30.

15  Whitman objects to this recommendation arguing that Judge Strombom resolved disputed

16  issues of fact and found Defendants' evidence to be more credible than Whitman's

17  evidence.  Dkt. 95 at 2–4.

18      Upon review of the R&R, Judge Strombom discounted Whitman's evidence on

19  two occasions.  First, Judge Strombom found insufficient Whitman's factual statements

20  that unidentified guards confiscated food items from Whitman's meal trays, which would

21  have significantly reduced the amount of calories that he was provided during Ramadan

22  2010.  Dkt. 91 at 26–27.  Judge Strombom noted that these statements were conclusory

1  and self-serving and were submitted for the first time in response to Defendants' motion

2  for summary judgment.  *Id.*  Under the circumstances in which the statements were

3  presented, the Court finds that Judge Strombom did not err in finding the statement

4  insufficient to create a material question of fact.  *See F.T.C. v. Publ'g Clearing House,*

5  *Inc.*, 104 F.3d 1168, 1171 (9th Cir. 1997).  Therefore, the Court adopts the R&R on this

6  issue.

7        Second, Judge Strombom found that there was no "medically competent evidence

8  indicating that the food provided to [Whitman] during Ramadan 2010 was inadequate to

9  maintain his health."  Dkt. 91 at 29.  This finding is not a credibility determination.

10  Whitman alleges that the lack of calories was detrimental to his health, but his own

11  medical evaluations do not support this allegation.  Therefore, the Court adopts the R&R

12  on this issue because Whitman has failed to submit evidence that creates a material issue

13  of fact whether the food he was provided presented an excessive risk of harm to his

14  health or safety.  *Farmer v. Brennan*, 511 U.S. 825, 838–840 (1994).

15  **B.   RLUIPA**

16        "No government shall impose a substantial burden on the religious exercise of a

17  person residing in or confined to an institution . . . ."  42 U.S.C. §2000cc(a).  In the

18  amended complaint, Whitman alleged that the inadequate meals imposed a substantial

19  burden on the exercise of his religion.  Judge Strombom recommended that the Court

20  grant Defendants' motion for summary judgment on this issue because Defendants

21  cannot be held liable for damages and any claim for injunctive relief is now moot.  Dkt.

22

1   91 at 30–35.  Whitman objects on the basis that the claim for injunctive relief is not moot.

2   Dkt. 95 at 4–5.

3     One exception to the mootness doctrine is that the alleged harm is capable of

4   repetition.  *Spencer v. Kemna*, 523 U.S. 1, 17 (1998).  Under this exception, a plaintiff

5   must show that "(1) the challenged action [is] in its duration too short to be fully litigated

6   prior to cessation or expiration, and (2) there [is] a reasonable expectation that the same

7   complaining party [will] be subject to the same action again . . . ."  *Id*. (quotations and

8   citations omitted).

9     In this case, Judge Strombom found that Whitman failed to meet his burden on

10  these issues.  Dkt. 91 at 35.  The Court agrees.  Although Whitman may again be

11  subjected to low caloric meals during his religious fast, Whitman has failed to show that

12  the action is too short in duration to seek remedies prior to the cessation or expiration.  As

13  numerous Washington prisoners have done, Whitman is not precluded from seeking

14  temporary injunctive relief before any substantial burden has been placed on the free

15  exercise of his religion.  Therefore, the Court adopts the R&R on this issue.

16    The Court having considered the R&R, Whitman's objections, and the remaining

17  record, does hereby find and order as follows:

18    (1) The R&R is **ADOPTED**;

19    (2) Defendants' motion for summary judgment is **GRANTED**;

20    (3) The Clerk is directed to enter **JUDGMENT** for Defendants and close this

21      case; and

22

1      (4)     Whitman's *in forma pauperis* status is **REVOKED** for purposes of appeal.

2      Dated this 1st day of May, 2013.

3

4      _____

5      BENJAMIN H. SETTLE
       United States District Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

ORDER - 5